IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § § | |
| **vs.** | § § | **CIVIL NO. SA-17-CR-0443-XR** |
| **AARON RODRIGUEZ** | § § § § | |

## ORDER

Before the Court is Defendant's Motion for Bond [#11]. On July 2, 2019, the Court held a Preliminary Revocation Hearing in this case, as well as a hearing on Defendant's motion at which Defendant, his counsel, and counsel for the Government appeared.

When a person is arrested for violating the terms of his supervised release, the Court may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. *See* Fed. R. Crim. P. 32.1(a)(6). In determining whether to release the person, the Court must consider the same factors that are considered in evaluating whether a person can be released pretrial. *See* 18 U.S.C. § 3143(a)(1) (authorizing release where the person "is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)"). But unlike in the pretrial context, in this context, the person accused of violating the terms of his supervised release—and not the Government—bears the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or the community. In this case, Mr. Rodriguez did not meet this burden for the reasons stated on the record during the hearing.

Thus, having considered the motion, the arguments of counsel, the evidence presented at the hearing, and the record in this case, the Court now enters the following:

**IT IS ORDERED THAT** Defendant's Motion for bond [#11] is **DENIED**.

SIGNED this 2nd day of July, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE